UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELENA STRUJAN, also known as ELENA
CHITOIU,

                Plaintiff,   **MEMORANDUM AND ORDER**
   -against-   16-CV-4365 (RRM) (SMG)

FIDEN & NORRIS, LLP; GLENCORD BUILDING
CORP.; GIUSTIZIA AGRESSIVO; CONSTANCE
CINCOTTA; RICHARD W. BABINECZ;
CONSOLIDATED EDISON COMPANY OF NEW
YORK; FURMAN KORNFELD & BRENNAN LLP;
QUEST DIAGNOSTICS; MICHAEL CORDOZA, ESQ.;
NEW YORK CITY DEPARTMENT OF HEALTH &
MENTAL HYGIENE; LEWIS BRISBOIS BISGAARD
& SMITH LLP; EMSL ANALITYCAL INC.; HPM&B,
ELIZABETH CORNACCHIO; NEW YORK
PRESBYTERIAN HOSPITAL; GORDON & SILBER P.C.;
LENOX HILL HOSPITAL; GERINGER & DOLLAN
LLP; KIDDE RESIDENTIAL & COMMERCIAL
DIVISION; RIVKIN RADLER LLP; TEPERMAN &
TEPERMAN LLP; BOMPART & BOMPART, LLC;
SCHWARTZ GOLDSTONE & CAMPISI, LLP;
WILSON, GROCHOW, DRUKER & NOLET; WILSON,
ELSER, MOSKOWITZ, EDELMAN & DICKER LLP;
LAZER, APTHEKER, ROSELLAS & YEDID, P.C.;
CAPITOL ONE BANK; STANGG, TERENZI,
CONFUSIONE & WABNIK LLP; CHASE BANK;
ZEIHNER ELLMAN & KRAUSE LLP; TD BANK;
STATE FARM INSURANCES; JULIANA SZABLYAR;
JACK L. GLASSER, ESQ.; AMAZON PHARMACY INC.;
APPLE STORE FIFTH AVENUE; AMERICAN ONLINE
INC.; UNITED STATES POST OFFICE; KAUFMAN &
KAHN LLP; FURMAN KORNFILD & BRENNAN LLP;
MANHATTAN MINI STORAGE; STORAGE DELUXE;
DR. ANDREI CARASCA; DR. VERONICA ZAHARIA;
DR. LEVINE HAROLD; DR. MICHAEL KANG;
DR. ULLA KRISTIINA LAAKSO; SUPREME COURT
COUNTY OF KINGS; NEW YORK STATE
APPELLATE DIVISION SECOND DEPARTMENT;
CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF QUEENS; SUPREME COURT COUNTY
OF QUEENS; CIVIL COURT OF THE CITY OF
NEW YORK; NEW YORK STATE APPELLATE TERM;

SUPREME COURT SECOND JUDICIAL
DEPARTMENT – APPELLATE TERM BROOKLYN;
NEW YORK CITY POLICE DEPARTMENT; NEW
YORK CITY; BELLEVUE HOSPITAL CENTER;
and EACH UNNAMED WRONGDOER,

         Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

  Plaintiff Elena Strujan, appearing *pro se*, filed this action against over fifty-five defendants pursuant to the United States Constitution, the New York State Constitution, and 42 U.S.C. § 1983. (*See* Compl. (Doc. 1) at 3–4, 7; Compl., Ex. Part I (Doc. 1-2) at 10.)[1] Strujan's statement of claim states: "I was hurt, harmed, abused tortured with carbon monoxide and toxic gasses by wrongdoers/defendants Glencords and their accomplices." (Compl. at 8.) The majority of Strujan's claims arise from her alleged exposure to carbon monoxide while residing in a rent-stabilized apartment at 1314 York Avenue in New York County managed by Glencord Building Corporation, Giustizia Agressivo, and Constance Cincotta (referred by Strujan as "Glencords"). (Compl., Ex. Part I at 16.)

  On March 10, 2017, the Court issued a Memorandum and Order dismissing this case for failure to state a claim. (*See generally* Mem. (Doc. No. 5).) Specifically, Strujan (1) failed to allege that private defendants acted under color of state law; (2) failed to allege the personal involvement of government actors; and (3) sued a number of non-suable entities and government entities entitled to immunity. (*Id.*) Subsequently, Strujan filed a motion for reconsideration. (Mot. Recon. (Doc. No. 7).) For the reasons stated below, Strujan's motion for reconsideration is denied.

---

[1] For ease of reference, citations to Court documents utilize ECF pagination.

## STANDARD OF REVIEW

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (internal quotation marks and citation omitted)). Under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re N.Y. Cmty. Bancorp, Inc., Secs. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotation marks and citation omitted). It "may not . . . be used as a vehicle for relitigating issues already decided by the Court," *id.*, at *1 (internal quotation marks and citation omitted), and "[a] moving party may not merely reiterate or repackage an argument previously rejected by the court," *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. In other words, a motion for reconsideration "is not an opportunity for a second bite at the apple." *Id.* (internal citation and quotation marks omitted).

## DISCUSSION

Here, Strujan has failed to demonstrate "that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re N.Y. Cmty. Bancorp, Inc., Secs. Litig.*, 244 F.R.D. at 159. Despite

her protestations that the "order is full of legal errors," Strujan has not identified any overlooked controlling law that would alter the outcome of the Court's Memorandum and Order. (Mot. Recon. at 6.)

I.  **State Courts**

Strujan names the following courts: the Supreme Court County of Kings, New York State Appellate Division Second Department, the Civil Court of the City of New York County of Queens and New York County, the Supreme Court County of Queens, the New York State Appellate Term, and the Supreme Court Second Judicial Department, Appellate Term. Noted in the Court's Memorandum and Order, (Mem. at 5 n.2), as a judicial arm of the State of New York, the courts are immune from suit under the Eleventh Amendment. *Madden v. Vermont Supreme Court*, 8 F. App'x 128, 129 (2d Cir. 2001) ("[A] state court[] is not amendable to suit under 42 U.S.C. § 1983, either on the grounds that a state court is not a 'person' subject to liability, or on the grounds that it is immune from suit by virtue of the Eleventh Amendment.") (internal citations omitted). Strujan has failed to point to any case law in support of her argument that these judicial defendants are not entitled to immunity. Accordingly, Strujan's motion to reconsider dismissal of these judicial defendants is denied.

II. **Private Actors**

Strujan sues numerous private parties, including private companies and individuals, law firms, attorneys, doctors, hospitals, banks, insurance companies, and stores. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. A plaintiff bringing suit under § 1983 is therefore required to demonstrate that defendants acted under color of state law when

they engaged in the challenged conduct. *See Fabrikant v. French*, 691 F.3d 193, 206–07 (2d Cir. 2012).

Strujan did not provide, and does not here provide, any facts to explain why the private defendants named in her complaint may have been acting under state law. Accordingly, the complaint was properly dismissed as to: Fiden & Norris, LLP, Glencord Building Corp., Giustizia Agressivo, Constance Cincotta, Richard W. Babinecz, Consolidated Edison Company of New York, Furman Kornfeld & Brennan LLP, Quest Diagnostics, Lewis Brisbois Bisgaard & Smith LLP, EMSL Analitycal Inc., HPM & B, Elizabeth Cornacchio, New York Presbyterian Hospital, Gordon & Silber PC, Lenox Hill Hospital, Geringer & Dollan LLP, Kidde Residential & Commercial Division, Rivkin Radler LLP, Teperman & Teperman LLP, Bompart & Bompart LLC, Schwartz Goldstone & Campisi LLP, Wilson, Grochow, Druker & Nolet, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Lazer, Aptheker, Rosellas & Yedid PC, Capital One Bank, Stangg, Terenzi, Confusione & Wabnik LLP, Chase Bank, Zeihner Ellman & Krause LLP, TD Bank, State Farm Insurances, Juliana Szablyar, Jack L. Glasser, Esq., Amazon Pharmacy, Inc., Apple Store Fifth Avenue, America Online Inc., Kaufman & Kahn LLP, Furman Kornfild & Brennan LLP, Manhattan Mini Storage, Storage Deluxe, Dr. Andrei Carasca, Dr. Veronica Zaharia, Dr. Levine Harold, Dr. Michael Kang, and Dr. Ulla Kristiina Laakso.

### III. Mayor Bill de Blasio and Commissioner William Bratton

Strujan names Mayor Bill De Blasio and Police Commissioner William Bratton as defendants, but failed to allege their personal involvement in the subject matter of this case. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted). A § 1983 complaint that does not allege the personal

involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order). Therefore, the complaint was properly dismissed as to Mayor de Blasio and Commissioner Bratton.

### IV. City Defendants

Strujan names the New York City Department of Health & Mental Hygiene, the New York Police Department, Bellevue Hospital Center, and the City of New York as defendants. However, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. That provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued. *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–160 (2d Cir. 2008) (*per curiam*). Similarly, Bellevue Hospital Center, a facility owned and operated by the New York City Health and Hospitals Corporation, is not a suable entity. *See Johnson v Elmhurst Hosp. Ctr.*, No. 10-CV-3406 (JG), 2010 WL 5207600, at *1 n.1 (E.D.N.Y. Dec. 16, 2010). Accordingly, Strujan's claims against the New York City Department of Health & Mental Hygiene, the New York Police Department, and Bellevue Hospital Center were properly dismissed.

Furthermore, Strujan fails to state a claim against the City of New York because she fails to allege that a municipal policy, custom, or practice was responsible for her alleged injuries. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978). Strujan's motion for reconsideration neither alleges any such policy, practice, or custom, nor points the Court to any overlooked facts or case law. Accordingly, Strujan's claim against the City of New York was properly dismissed.

## V. Michael Cordoza

In her complaint, Strujan failed to plead any factual allegations against Michael Cordoza, Esq, and her motion for reconsideration amounts to nothing more than a second bite at the apple.[2] The sole mention of Michael Cordozo in Strujan's motion for reconsideration is:

> THE WRONGDOER? DEFENDANT MICHAEL CORDOZA is from the same equip of lawyers in this case as Defendants who falsified the evidence in court. I hope at Habeas Corpus they will bring the stolen, the fictitious evidence.

(Mot. Recon. at 11.) "Where, as here, a [plaintiff] names a defendant in the caption of a complaint, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint is appropriate." *Garcia v. Watts*, No. 08-CV-7778 (JSR), 2009 WL 2777085, at *13 (S.D.N.Y. Sept. 1, 2009) (collecting cases.) Accordingly, Strujan's motion for reconsideration as to defendant Cordoza is denied.

## VI. United States Postal Service

Strujan names the United States Postal Service because the "WRONGDOERS / DEFENDANTS via postal service . . . harassed Claimant, a natural woman, by letters and forms to extort money." (Compl., Ex. Part I at 11.) The federal government's sovereign immunity applies with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) ("postal matter exception"); *see also Dolan v. USPS*, 546 U.S. 481, 485 (2006). In her motion for reconsideration, Strujan fails to articulate any reason that such immunity should not apply here. As such, the United States Postal Service was properly dismissed as a defendant based on sovereign immunity, and Strujan's motion for reconsideration is denied.

---

[2] To the extent that Strujan intended to name the former Corporation Counsel for the City of New York, Michael A. Cardozo, she provides no facts against this defendant and accordingly has failed to state a claim.

7

## CONCLUSION

Accordingly, Strujan's motion for reconsideration (Doc. No. 7) is denied in its entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff *pro se* Elena Strujan at the address listed on the docket and note the mailing on the docket.

SO ORDERED.

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
12/1   2017